Minshall, J.
The relator, the prosecuting attorney of Hamilton county, claims that he is entitled to a commission, of ten per cent on all costs paid by the state on the warrant of the auditor of state to the order of the clerk of the court of common pleas, under the provisions of sections 7836 and 7337, Revised Statutes. This claim is based upon the language employed in section 1298, Revised Statutes, which reads as follows :
“ Sec. 1298. In addition to his salary, the prosecuting attorney is entitled to ten per cent on all moneys collected on fines, forfeited recognizances, and costs in criminal causes, provided that such commission shall not in any case exceed one hundred dollars.”
Section 7336 provides that when the clerk makes the proper certificate as to the non-collection of the costs on execution, adjudged against a defendant upon his conviction and sentence to the penitentiary of the state, the warden shall allow so much of the cost-bill and charges for transportation as he finds correct, and certify such allow *250 anee, which shall be paid by the state;” and the next section provides, that it is to be paid, upon the allowance of the auditor of state, “ to the order of the clerk.”
The auditor of the county, having refused to draw a warrant on the treasurer of the county in favor of the relator, for his commission upon costs so paid by the state in certain criminal cases, the same not having been collected of the defendants by execution or otherwise, asks that he may be compelled in this proceeding to do so by the peremptory order of this court.
The question arises upon the proper construction of the language, “ on all moneys collected . . . on costs in criminal causes,” used in section 1298. Does the language embrace costs paid by the state to the order of the clerk under the sections above referred to, or is it confined to such costs as the prosecuting attorney collects of defendants in criminal causes, in performance of the duty imposed on him by section 1273, Revised Statutes? We have no hesitation in saying that the above language does not embrace the former and is confined to the latter.
In .the enactment of a statute, we must suppose, that the legislative mind is directed to what has been enacted, and exists, as a part of the statutory law of the state on the same subject or related to it. Without this there would be neither system nor harmony in the statutes, and their construction would, in most cases, be a mere matter of arbitrary guessing.
Now, looking outside of section 1298 to other sections of the Revised Statutes, more or less related to it in subject-matter, we find that by section 7183 it is made the duty of the prosecuting attorney to prosecute and recover the penalty of all recognizances by him received; and, by section 1273, to prosecute on behalf of the state all complaints, and in eveiy case of conviction to “ forthwith cause execution to be issued for the fines and costs, or costs only, as the case may be, and faithfully urge the collection until it is effected; ” and “ forthwith pay over to the county treasurer all moneys belonging to the state or *251 county which come into his possession for fines, forfeitures, costs, or otherwise.”
Now we think it is manifest that the mind of the legislature was directed to the provisions of these several sections when it enacted section 1298, and that the commission there allowed on all moneys collected on fines, forfeited recognizances, and costs in criminal causes, has reference to such fines, forfeited recognizances, and costs in criminal causes as, by these sections, he is required to collect. That this is so with respect to fines and forfeited recognizances is beyond question, and this fact, of itself, supplies an argument that the same is true as to costs collected in criminal causes. It is hardly to be supposed that the allowance of a commission on moneys collected by a prosecuting attorney in the performance of a duty required of him by statute would be associated with the allowance of a percentage on moneys neither collected nor required to be collected by him; and it is fair to conclude that the costs collected, on which a commission is allowed him in section 1298, simply embraces costs collected by him of defendants in criminal causes under section 1273. The commission is allowed as a compensation in addition to his salary; compensation is a reward for services ; hence, the commissions here allowed should be referred to, and embrace collections made by the prosecuting attorney in the performance of his duty, and not to moneys received or collected by others, the receipt and collection of which is no part of his duties as an officer.
Again, it is a misuse of terms to say that the costs paid by the state to the order of the clerk, under sections 7336 and 7337, are costs collected of the state in criminal causes. They were not taxed against the state; on the contrary, they were taxed in favor of the state and against the defendant upon his conviction and sentence to the penitentiary. In Fitzpatrick v. Flagg, 5 Abb. Prac. Rep. 213, it was held, that a tax can not be regarded as “ collected ” until it is paid by those on whose property it has been levied. Costs so paid are, properly speaking, advancements made'by the state to be returned to it, should they afterward be collected *252 from the defendant or his property. This is apparent from section 1327, Revised Statutes, where the costs so paid by the state are designated as costs “ which the state is by law required to advance in criminal causes.”
Again, the construction claimed by the relator would be inconsistent with sound policy. It would unwisely remove the motive prosecuting attorneys would otherwise have in collecting costs of defendants in criminal causes; unless we adopt the more absurd position, that they are to receive the commission on the money advanced by the state, and also on the costs, if afterward collected of the defendant. We can not ascribe such a want of wisdom to the legislature.
Prior to the revision of 1880 the statute on this subject, first adopted in 1865, and afterward repealed and re-enacted without any material change in 1873, expressly limited the costs on'which a percentage was allowed prosecuting attorneys to “costs collected of defendants in criminal causes.” (62 Ohio L. 133; 70 Ohio L. 67.)
It is claimed by counsel for the relator that the change made in 1880 is a substantial one, and, of itself, indicates that the construction claimed for the relator is the correct one. Much reliance is placed upon United States v. Bowen, 100 U. S. 508. But this case rather supports than militates against the construction we place upon the statute before us. It is there said that “ when there is a substantial doubt as to the meaning of the language used in the revision, the old law is a valuable source of information;” to which is added, “ when the meaning is plain, the courts can not look to the statutes which have been revised to see if congress erred in that revision, but may do so when necessary to construe doubtful lauguage used in expressing the meaning of congress.” To make the rule stated in that case applicable to this one, the construction claimed should be the plain meaning of the language employed in the revision; otherwise resort maybe had to the old law for the'purpose of removing a substantive doubt as to the meaning of the language employed in the revision. So *253 that the rule stated in the above case does not materially differ from the rule adopted by the decisions in this state for the construction of revised statutes. Ash v. Ash, 9 Ohio St. 387, and Allen v. Russell, 39 Ohio St. 336.
But, as has been already shown, the meaning of the language employed in the Revised Statutes is plain and confines the commissions there allowed to prosecuting attorneys, on costs collected in criminal causes,to costs collected of the defendant in such causes. But if there were a substantive doubt as to this, a reference to the old law, which the decisions in such case permit, would at once remove it and show that the construction reached from a consideration of the language employed in the statute itself is the correct one.
The omission in the revision of the language “ collected of defendants,” found in the old statute, may easily be accounted for on the ground that it was not regarded as necessary to the clear expression of the legislative intent; and was, therefore, omitted for the purpose of brevity. Such an omission would have been entirely consistent with the purpose for which the commission to revise and consolidate the statutes was created; and, in all probability,is the reason that the omission was made.

Writ refused.

Owen, O. J., dissents.